**Charles Kenneth FOSTER, Petitioner,**

v.

**Charles G. STRICKLAND, Jr., et al., Respondents.**

**No. TCA 81–0847.**

United States District Court,
N. D. Florida,
Tallahassee Division.

May 29, 1981.

Steven L. Seliger, Tallahassee, Fla., Richard H. Burr, III, Southern Prisoners Defense Committee, Nashville, Tenn., for petitioner.

Gregory C. Smith, Asst. Atty. Gen., Tallahassee, Fla., for respondents.

## ORDER STAYING EXECUTION

HIGBY, District Judge.

Charles Kenneth Foster, a person in Florida's custody, has filed a petition for writ of habeas corpus in this court. Mr. Foster has been sentenced to death; a death warrant has been signed; and he is scheduled for electrocution June 3, 1981.

Foster's petition raises 18 alleged constitutional errors entitling him to relief. One of the most important is his allegation of ineffective assistance of counsel. Failure to adequately investigate an insanity defense and to investigate support of mental impairment as a mitigating factor is the main facet of the ineffectiveness claim. The second major allegation is that Foster due to his mental problems and drug usage during trial was incompetent during his trial.

The grounds raised in this petition have been raised in the Florida courts. Foster was denied an evidentiary hearing when he sought collateral review of his conviction under Florida Rule of Criminal Procedure 3.850. The Florida Supreme Court has affirmed that denial of a hearing. *Foster v. State*, —— So.2d ——, Fla.S.Ct. No. 60,636 (May 28, 1981). That opinion relying solely upon the appellate record determined the record conclusively refuted all of Foster's claims, and therefore Foster was not entitled to a hearing.

The State relies upon that opinion and Title 28, United States Code, Section 2254(d), in its opposition to Foster's application for stay of execution. Section 2254(d) says a state court's factual finding may not be disturbed by a federal court in a habeas corpus proceeding absent certain circumstances. That statute also applies to factual findings by an appellate court. *Sumner v. Mata*, —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Section 2254(d), the state argues, precludes this court's consideration of the findings made by the Florida Supreme Court in affirming denial of an evidentiary hearing in state court on the issues raised in this petition.

Section 2254(d) contains several exceptions. The exception in subsection (8) is relevant here. It allows review by a federal court of a state court's factual determination if the factual determination is not fairly supported by the record. The statute basically codifies the decision in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). After consideration of the petition, the responses, and the record provided, I conclude there is sufficient indication that the findings of the Florida Supreme Court, at least on the issue of the competency of Foster's counsel, are sufficiently unsupported by the record to justify staying the execution and having further evidentiary hearings. This situation is different from *Sumner v. Mata, supra*, in that the petitioner there submitted his claim to the state court solely upon the basis of the appellate record and did not request an evidentiary hearing.

Competency of counsel is a mixed question of fact and law. Foster has alleged there were extensive psychiatric records, including at least seven prior commitments, which were not presented at trial. These records, Foster claims, would have come out had his counsel competently investigated the issue. In addition two psychiatrists examined Foster and found he may have been insane at the time of the offense and may

have been mentally impaired at the time of the offense. The record shows Foster's counsel put none of this evidence in during the guilt phase of the trial. During the penalty phase, where mental impairment is extremely important because it is a mitigating factor,[1] Foster's counsel only briefly examined one psychiatrist. He did not put into evidence Foster's extensive psychiatric history.

The Florida Supreme Court finds the record conclusively shows this presentation of the psychiatric testimony was merely a choice in tactics. It specifically states that Foster's lawyer's decision to present his psychiatric history only through the brief examination of his wife was a tactical decision. Consideration of the wife's testimony contrasted to the substantial evidence alleged to be available in the petition convinces me that the record does not conclusively show that Foster's counsel merely made a tactical decision, not an ineffective one.

In very similar circumstances a stay has been granted. The Florida Supreme Court, relying upon the appellate record, found a defendant had adequate appellate counsel and affirmed denial of an evidentiary hearing in *Knight v. State*, 394 So.2d 997 (Fla. 1981). Knight's execution was stayed in *Knight v. Wainwright*, Case No. 81–391–Civ–JE, and sent back to state court for an evidentiary hearing. I find an evidentiary hearing is also needed in this case. The state, however, has refused Foster an evidentiary hearing so the hearing must come in the federal court.

These habeas corpus proceedings will not be completed by the time Mr. Foster is scheduled for execution. Mr. Foster's statutory and constitutional rights to petition this court for habeas corpus relief would be meaningless if he were executed while his petition is pending. *See, Shaw v. Martin,*

613 F.2d 487 (4th Cir. 1980). Consequently, under the authority of Title 28, United States Code, Section 2251, Mr. Foster's pending execution is stayed until further order of this court.

---

1. Extreme mental or emotional disturbances and substantial impairment of a person's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law are mitigating circumstances a judge must weigh in sentencing a person for a capital crime. § 921.141(6)(b) and (f), Fla. Stat. (1977). The United States Constitution requires consideration of all mitigating factors. *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976). Florida's mandatory consideration of aggravating and mitigating factors is the most important safeguard offered a capital defendant. *State v. Dixon*, 283 So.2d 1, 8 (Fla.1973).